IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:25-cv-20823-JEM

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br>v.<br><br>REALPAGE, INC. A/K/A LEASING DESK SCREENING,<br><br>　　　　　Defendant. | **MOTION FOR LEAVE TO FILE UNDER SEAL** |

Plaintiff respectfully moves for leave to file under seal (i) Plaintiff's Certificate of Interested Persons and (ii) evidence in support of Plaintiff's forthcoming motion for leave to proceed under a pseudonym pursuant to Local Rule 5.4 and states the following in support:

## I. Description of the Item Proposed for Sealing.

a. A Certificate of Interested Persons identifying Plaintiff. Filing under seal will permit the Court to run a conflict search.

b. Evidence in support of Plaintiff's forthcoming motion for leave to proceed under a pseudonym. Such evidence will likely include a declaration by Plaintiff.

## II. LEGAL STANDARD.

Good cause exists for sealing information "when disclosure will cause the party to suffer a clearly defined and serious injury". *See, e.g., NXP B.V. v. Research in Motion, Ltd.*, No. 6:12-cv-498-Orl-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013). In evaluating a request for leave to file information under seal, courts balance the public's right to access court proceedings with the party's interest in keeping such information confidential. *See, Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013).

Factors considered by courts in balancing these interests include "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Smith v. Costa Del Mar, Inc.*, Case No. 3:18-cv-1011-J32JRK, 2019 WL 3037815, at *1 (M.D. Fla. July 11, 2019).

### III.  Reason for Proposed Sealing

It is absolutely necessary that Plaintiff be granted leave to file the above-described documents under seal. Plaintiff has alleged that Defendant inaccurately and improperly portrayed Plaintiff as having been charged with serious crimes. Fundamental to Plaintiff's lawsuit is the allegation that Defendant's reporting of those convictions by Defendant is inaccurate because the criminal records were expunged pursuant to Florida Statute § 943.0585.

Forcing Plaintiff to reveal her identity would create a public record linking her to the expunged records, effectively waiving the protections afforded Plaintiff under Florida Statute § 943.0585.

The Eleventh Circuit has already determined that forcing a plaintiff to create a record linking the plaintiff's identity to the offending facts is an abuse of discretion. *Plaintiff B v. Francis*, 631 F.3d 1310, 1317-18 (11th Cir. 2011) ("The court completely disregarded one of their expert's testimony on the psychological damage of being labeled a 'slut' and dismissed testimony from the other expert—a clinical psychologist who interviewed and evaluated Plaintiff B, the one who seems to have the most risk of injury from public disclosure of her name—as 'conclusory.' [R. 419 at 8.] **Further, the district court failed to demonstrate its comprehension of what exactly is at stake for the Plaintiffs. The Plaintiffs had put on a convincing case that, by being**

**identified, they will permanently be linked with the videos containing the footage of them**.") (emphasis added).

There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. The harm Plaintiff would suffer if forced to reveal her identity creates a permanent injury that this litigation is precisely aimed at correcting pursuant to the FCRA.

Means other than sealing are unsatisfactory because filing under seal is the only way to maintain the confidentiality of Plaintiff's identity.

### IV.  Proposed Duration of the Seal.

In light of the sensitive nature of the information in these documents, and consistent with Local Rule 5.4, Plaintiff requests that they remain under seal indefinitely.

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file under seal her Certificate of Interested Persons and evidence in support of a forthcoming Plaintiff's Motion for Leave to Proceed under Pseudonym.

Dated: February 24, 2025

/s/ David Pinkhasov
David Pinkhasov, FL # 1040933
**CONSUMER ATTORNEYS**
68-29 Main Street
Flushing NY 11367
T: (718) 701-4605
F: (718) 715-1750
E: dpinkhasov@consumerattorneys.com

*Attorney for Plaintiff,
Jane Doe*

3/4

*Doe, Jane v. RealPage, Inc. a/k/a Leasing
Desk Screening*
Motion to Leave to File Under Seal

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since an attorney of record has yet to appear on behalf of the Defendant in this case, hard copies of the foregoing have been/will be served upon the Defendant at the address listed below.

**REALPAGE, INC. A/K/A LEASING DESK SCREENING**
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201

*/s/ David Pinkhasov*